JOSEPH WYLAN, Individually and as Guardian ad Litem of PAUL WYLAN and PETER WYLAN, Infants under the Age of Fourteen Years, Appellants, v. HARRY WENDER, Individually, Respondent, and Others, Defendants.— In an action to recover damages for injuries sustained by the infant plaintiffs by being thrown over by a storm door on respondent's property (plaintiff father suing for loss of services, etc.), the complaint was dismissed at the close of plaintiffs' case. Judgment, in so far as appealed from, affirmed, with costs. No opinion. Hagarty, Carswell and Adel, JJ., concur; Lazansky, P. J., and Close, J., dissent and vote to reverse the judgment, in so far as appealed from, and to grant a new trial, with the following memorandum: The infant plaintiffs claim to have been thrown over and injured by a storm door on respondent's property, which they were

about to enter. There was proof that there had been a main spring on the door which acted as a check against the wind when it blew behind the door as it was being opened. This spring had been loose for some time to the knowledge of respondent. When one of the infant plaintiffs opened the storm door, a strong wind prevalent in the vicinity, blowing hard at the time, caused the door, in the absence of the spring, to move outwardly against the infant plaintiffs and to throw them to the ground, resulting in serious injuries to plaintiff Paul and slight injuries to plaintiff Peter. Plaintiffs sought to prove that, because the spring was loose, the door would swing outwardly with violence when the wind was behind it as the door was being opened. The court excluded that proof. No exception was taken. It also appears that respondent was examined before trial and testified that the purpose of the use of springs was that " the door opens toward the west and when a strong wind was in Long Beach it came toward the door and might open it, so you must have very strong springs to hold it. Sometimes you couldn't even hold it if there was a strong wind." Plaintiffs' counsel sought to have the examination before trial introduced into evidence, but failed to call to the court's attention that there was therein contained this important testimony. The examination was excluded. The record indicates inexperience on the part of plaintiffs' counsel. We are of opinion that substantial justice requires a retrial of this action.